IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EUGENE NESBITT, JR #34917-037 | : |
| | : |
|    Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO.  WMN-06-1605 |
| | : |
| GOVERNOR PARRIS N. GLENDENING, et al.[1] | : |
| | : |
|    Defendants | : |

**MEMORANDUM**

On June 21, 2006. Plaintiff pro se, an inmate incarcerated at the United State Penitentiary-Hazelton,[2] filed this 42 U.S.C. § 1983 action to redress an alleged violation of his constitutional rights.  Plaintiff seeks monetary and injunctive relief.

By Order dated June 28, 2006, the Court granted Plaintiff additional time to address why the Complaint was timely or why principles of equitable tolling applied.[3]  On August 7, 2006, Plaintiff filed a response.  Upon review of the Complaint, as supplemented, the Court determines the claim is time-barred, and it will be dismissed by separate Order.

---

[1] Defendants Parris Glendenning, former Governor of Maryland, Baltimore City Mayor Martin O'Malley, and Edward T. Norris, former Police Commissioner of Baltimore City were dismissed as party defendants by Order dated June 28, 2006. The sole defendant in this action is Officer Michael Berg. Paper No. 3.

[2] On June 13, 2002, the Court sentenced Petitioner to 180 months incarceration after he pleaded to felon in possession of ammunition. *See United States v. Nesbitt*, Civil Action No. WMN-01-597 (D. Md.).

[3] Plaintiff twice moved to extend the time to respond.  The Court granted both requests.

**I.  Background**

Plaintiff alleges that on October 19, 2001, he was taken by police to the Northern Police District in Baltimore City after he was involved in a traffic accident and suspected of driving while intoxicated.  Prior to entering the building an Officer Shepke [4] approached him, produced a small ziplock bag with what appeared to be marijuana in it and asked Plaintiff, "What's this?" Complaint at 2.  Plaintiff states he then became disruptive to get the attention of any ranking officer to report the Officer's actions. Plaintiff was later taken to Central Booking.

On October 22, 2001, Plaintiff went to the Northern District to file a complaint against Officers Berg and Shepke. Plaintiff states there is no record of the complaint that he filed.  Plaintiff contends that his due process rights were violated because he was not given an alcohol concentration test on October 19, 2001.  Plaintiff also disputes Officer Berg's Probable Cause Statement that he was transported to the Central District where he refused to take a breathalyzer test, became noncompliant, and was searched prior to transport to Central Booking and marijuana was found on him.[5]

**II.  Discussion**

Pursuant to 28 U.S.C. § 1915A, the Court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the Complaint, or any portion of the Complaint, if the Complaint is "frivolous, malicious, or fails to state a claim

---

[4] Officer Shepke is not named as a defendant in this action.

[5] To the extent Plaintiff intends to challenge any resulting conviction, the legality of a conviction is not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. *See Heck v. Humphrey*, 512 U.S. 477 (1994).  It does not appear that any conviction arising out of this incident has been invalidated.

upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Based upon careful consideration of plaintiff's pleadings, the Court determines that dismissal of this action is appropriate for failure to state a claim upon which relief can be granted because the statute of limitations has expired.

### A. Statute of Limitations

Plaintiff alleges of events that occurred more than four years ago. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir.1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *See id.* Plaintiff's response clearly shows he was aware of the events on which this claim is based in October of 2001. For example, he raised these issues with both his trial and appellate attorneys. Response at 1, Attachments A, B at 3. Consequently, the cause of action presented here accrued in October of 2001.

### B. Equitable Tolling

Plaintiff argues that he is entitled to equitable tolling for the following reasons:
1) he never signed a DR-15 form, and Defendant later testified that such a document was executed by Plaintiff; and 2) he made numerous efforts to obtain records in support of his claims. Equitable tolling applies where a defendant has wrongfully deceived or misled a plaintiff in order to conceal

the existence of a cause of action. *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987) (citations omitted). Here, Plaintiff has not alleged any facts sufficient to infer deception, misconduct, or the misleading by Defendant.

Plaintiff's exhibits show that his sister was able to obtain a copy of the DR-15 he wanted from the Motor Vehicle Administration in support of his claim.[6] Response, Attachment G. Further, the Baltimore Police Department provided Plaintiff available records pursuant his requests. *See id.* at Attachments G, H, I, N. There is simply no basis here to conclude that Defendant obstructed access to documents, wrongfully deceived or misled Plaintiff, or acted to discourage him from presenting his claims. No reason is proffered why the Complaint could not be filed within the applicable time period with the available documentation.

### III. Conclusion

The Court finds the Complaint was not timely filed. Further, there is no reason presented to apply principles of equitable tolling. Accordingly, the statute of limitations bars consideration of this claim, and the action will be dismissed for failure to state a claim upon which relief can be granted. A separate Order shall be entered in accordance with this Memorandum.

/s/

  8/30/06  
Date

WILLIAM M. NICKERSON  
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff disputes signing the DR-15 which indicates he refused to take an alcohol concentration test. He alleges that the signature on the DR-15 document was forged. Response at 3 & Attachment I (c).